**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0249-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARIO S. LYN, a/k/a
MARIL LYN, MARIO S.
LYN, JR.,

    Defendant-Appellant.

_____

Submitted February 22, 2021 – Decided March 11, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-10-2609.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 3, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.[1]  Defendant maintains he was entitled to an evidentiary hearing as to whether his trial counsel's failure to object to jury charges, purportedly lacking case-specific information, amounted to ineffective assistance.  Judge James W. Donohue entered the order under review and rendered a written opinion.

On appeal, defendant raises the following argument for this court's consideration:

> POINT I
>
> THE PCR [JUDGE] ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO OBJECT TO AN ERRONEOUS JURY CHARGE THAT FAILED TO INCLUDE CASE[-]SPECIFIC INFORMATION FOR LIGHTING AND PRIOR DESCRIPTION.

We affirm substantially for the reasons set forth in Judge Donohue's written opinion.  We add the following remarks.

---

[1]  A jury found defendant guilty of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1(a)(2); and one count of first-degree robbery, N.J.S.A. 2C:15-1.  We affirmed defendant's convictions and sentence.  State v. Lyn, No. A-3226-16 (App. Div. July 6, 2018).

When a PCR judge does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome." Id. at 694.

3

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). This court "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463-64.

"A PCR petition is cognizable if it is based upon a '[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or laws of the State of New Jersey.'" State v. Gideon, 244 N.J. 538, 549 (2021) (quoting R. 3:22-2(a)). With some exceptions, "a ground for relief that was not raised in the conviction proceedings or any appeal from the conviction 'is barred from assertion in a proceeding under [Rule 3:22-4(a)].'" State v. Reevey, 417 N.J. Super. 134, 148 (App. Div. 2010) (quoting R. 3:22-4(a)). Those exceptions are that: (1) the ground not previously asserted could not have been reasonably raised in any

4

prior proceeding; (2) enforcement of the bar, including one for ineffective assistance, would result in a fundamental injustice; or (3) denial of relief would be contrary to a new rule of constitutional law under the United States or State of New Jersey. R. 3:22-4(a)(1)-(3).

On direct appeal, defendant raised the argument that "the jury charges . . . were inadequate because they consisted of generic statements without any case-specific information based upon the evidence presented at trial." Lyn, (slip op. at 1). We rejected that argument, concluding that "there was nothing clearly capable of producing an unjust result from the judge's charge to the jury, which tracked the [M]odel [J]ury [C]harges." Id. at 5. The PCR judge correctly observed that defendant's "appeal dealt directly with issues related to the jury charge that [defendant] is now raising again under the guise of a claim of ineffective assistance of counsel in the context of a petition for [PCR]." The PCR judge also observed that defendant "ha[d] not adequately established that the basis for relief could not reasonably have been raised in any prior proceeding" or that any other exception under Rule 3:22-4(a) is applicable to his claim. Defendant's claim is therefore procedurally barred.

Even assuming that defendant's claim could not have been raised on direct appeal, the PCR judge again correctly observed that defendant failed to establish a

prima facie claim of ineffective assistance of counsel to warrant an evidentiary hearing. Defendant put forth bald assertions rather than evidence that trial counsel's decision not to object to the jury charge was unreasonable or that an objection would have had led the jury to reach a different conclusion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0249-19